**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7064

JAMES B. CURRY,

Plaintiff - Appellant,

v.

UNITED STATES SUPREME COURT; SCOTT S. HARRIS, Clerk of Court for Supreme Court of the United States,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Joseph F. Anderson, Jr., Senior District Judge. (1:16-cv-02733-JFA)

Submitted: December 21, 2017          Decided: December 28, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James B. Curry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Curry seeks to appeal the district court's order directing the district court clerk to again mail a copy of the magistrate judge's report and recommendation to Curry and permitting Curry to file objections within 14 days of service. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Curry seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.[*] Accordingly, we dismiss the appeal for lack of jurisdiction and deny Curry's pending motions to subpoena a legal log report, for default or summary judgment, to expedite service and decision, for an investigation into misconduct, and to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*]Although the district court adopted the magistrate judge's recommendation and dismissed Curry's complaint without prejudice before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *Equip. Fin. Grp. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992) (holding that doctrine of cumulative finality only applies where order appealed from could have been certified under Fed. R. Civ. P. 54(b)); *see In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot be saved under doctrine of cumulative finality (internal quotation marks omitted)).